EMPLOYMENT DIVISION, *Petitioner,*
*v.*
ALBANY TIMBER CARNIVAL ASSOCIATION,
INC. et al, *Respondents.*
(No. 77 AB 1315, CA 9460)
577 P2d 81

See also, 33 Or App 615, 577 P2d 84.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the briefs were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

James G. Nelson, Albany, argued the cause for respondent Albany Timber Carnival Association, Inc. With him on the briefs was Goode, Goode, Decker & Beckham, P.C., Albany.

No appearance for respondent Carol J. Feagins.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

The issue presented by this appeal is whether a claimant's performance of services for the Albany Timber Carnival Association (the Association) was employment within the meaning of ORS 657.040.

The Association is a nonprofit organization which promotes the wood products industry by presenting a logging show in July of each year in the City of Albany. The Association has a "court" of five or six princesses made up of local high school seniors who are selected by a committee of the Association on the basis of their enthusiasm. The primary duty of each princess is to promote the annual show by selling admission tickets and buttons prior to its opening day. Local merchants sponsor the princesses and aid them in their sales efforts through various promotional schemes. Each princess may, if she chooses, use nonpaid "helpers" to aid her in selling tickets and buttons. A princess is under no obligation to sell any specific number of tickets, but she does receive a commission for all tickets and buttons sold. The princess with the highest sales becomes queen of the Association for a one-year period and receives a $500 school scholarship. Once the logging show ends, the princesses no longer sell any tickets or buttons for the Association. During 1976, the princesses sold approximately $26,000 worth of tickets and buttons. The claimant herein, a princess during this period, received a commission of approximately $1,200 for her efforts in selling tickets and buttons.

In January, 1977, the claimant filed a claim for unemployment compensation benefits and was granted those benefits in March, 1977. At that time petitioner, the Employment Division, sent a notice of claim determination and of potential charge to employer's account to the Association. The Association filed an application for hearing on the issue of whether it was liable for charges payable on any unemployment compensation benefits that might be paid to the

[ 517 ]

claimant. After a hearing, the referee found that the Association had failed to show that the services of the claimant were excluded from the meaning of employment as defined by ORS 657.040 and, therefore, affirmed the notice of claim determination. The Association appealed to the Employment Appeals Board which set aside the order of the referee. Petitioner then brought this appeal.

ORS 657.040 provides:

"Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the assistant director that:

"(1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

"(2) (a) Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service; or

"(b) Such individual holds himself out as a contractor and employs one or more individuals to assist in the actual performance of services and who meets the following criteria shall be deemed to have an independently established business:

"(A) The individual customarily has two or more effective contracts.

"(B) The individual as a normal business practice utilizes separate telephone service, business cards and engages in such commercial advertising as is customary in operating similar businesses.

"(C) The individual is recognized by the Department of Revenue as an employer.

"(D) The individual furnishes substantially all of the equipment, tools and supplies necessary in carrying out his contractual obligations to his clients."

Petitioner does not contend that ORS 657.040(1) is dispositive of this case. Instead, it relies on ORS 657.040(2)(a) and (b) to establish that the services performed by the claimant were employment for purposes of the Employment Division Law.

In *Republic Dev. Co., Inc. v. Emp. Div.,* 32 Or App 263, 268, 574 P2d 660 (1978), we stated that subsections (2) (a) and (b) can be read to require:

"* * * that the claimed exempt service be performed by one who usually in the course of his affairs performs the same services for consumers of his product *without intervention of the economic activities or interests of others upon which he is dependent to furnish the demand for which he is the supplier.*" (Emphasis supplied.)

In other words, a service relationship "that creates a * * * dependency for income on the [employer's] need for the service as service (as distinguished from an end product)" is to be considered employment for the purposes of the Employment Division Law. 32 Or App at 269.

The services performed by the claimant in this case do not satisfy the conditions for exemption set forth in ORS 657.040(2)(a) and (b). The Association's primary function is to promote the logging show it presents each year. In so doing, it creates a demand for the items sold by the princesses, a demand which would not exist but for the annual show. The princesses' sales activities terminate with the closing of the show. Thus, it can be concluded that the princesses in general and the claimant in particular could not perform their sales activities without the intervention of the Association and, therefore, do not meet the *Republic* exemption requirements. There is nothing in the record to indicate that the sales activity of the princesses could survive a termination of their relationship with the Association. *See Revlon Service, Inc. v. Employment Div.,* 30 Or App 729, 735, 567 P2d 1072 (1977).

The Employment Appeals Board gave as its reasons for holding that the Association was not subject to the terms of the Act the fact that "[t]he event is a community affair participated in by any number of local businesses and volunteers" and that therefore "[t]his is a unique situation * * * not contemplated by the legislature as employment under the provisions of

[ 519 ]

ORS 657.030." The Board's first observation is apparently correct and the Board may well be correct as to what the legislature contemplated. Nevertheless, the language of the Act as we have interpreted it in *Republic* and *Revlon* supports the position which the petitioner has taken.

Reversed.